**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF<br>TIMOTHY J. SULLIVAN<br>UNITED STATES MAGISTRATE JUDGE | 6500 Cherrywood Lane<br>Greenbelt, Maryland 20770<br>Telephone: (301) 344-3593 |

March 7, 2022

LETTER TO COUNSEL:

      RE:    *Willis L. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
               Civil No. TJS-21-102

Dear Counsel:

      On January 12, 2021, Plaintiff Willis L. petitioned this Court to review the Social Security Administration's final decision to deny his claim for supplemental security income ("SSI"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 13 & 16. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Acting Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

      Willis L. protectively filed his application for SSI on May 30, 2018. Tr. 15. He alleged a disability onset date of March 12, 2008. *Id.* His application was denied initially and upon reconsideration. *Id.* Willis L. requested an administrative hearing, and hearings were held on February 13 and August 27, 2020, before an Administrative Law Judge ("ALJ"). Tr. 31-61. In a written decision dated September 23, 2020, the ALJ found that Willis L. was not disabled under the Social Security Act. Tr. 12-30. The Appeals Council denied Willis L.'s request for review, making the ALJ's decision the final, reviewable decision of the agency. Tr. 1-6.

      The ALJ evaluated Willis L.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920. At step one, the ALJ found that Willis L. had not engaged in substantial gainful activity since May 30, 2018, the application date. Tr. 18. At step two, the ALJ found that Willis L. suffered from schizoaffective disorder, which was a severe impairment. *Id.* At step three, the ALJ found that Willis L.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 18-20. The ALJ determined that Willis L. retained the residual functional capacity ("RFC") "to perform a full range of work at all exertional levels but with the

---

[1] This case was originally assigned to Judge Boardman. On June 30, 2021, it was reassigned to Judge Coulson. On February 17, 2022, it was reassigned to Judge Hurson. On February 28, 2022, it was reassigned to me.

following nonexertional limitations: is able to perform simple routine tasks; is able to interact with supervisors, coworkers, and the general public on an occasional basis." Tr. 20.

At step four, the ALJ determined that Willis L. had no past relevant work. Tr. 23. At step five, relying on testimony provided by a vocational expert ("VE"), and considering the claimant's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Willis L. can perform, including "cleaner, hospital"; "wall cleaner"; and "laborer, stores." Tr. 23-24. Accordingly, the ALJ found that Willis L. was not disabled under the Social Security Act. Tr. 24.

Willis L. argues that this case must be remanded for further proceedings because (1) the ALJ did not properly evaluate his mental impairments; (2) the ALJ did not account for his moderate limitation in concentrating, persisting, or maintaining pace ("CPP") in the RFC assessment; (3) the ALJ did not explain how, despite his moderate limitation in CPP, he would be able to remain on task for 91% of an eight-hour workday; (4) the ALJ failed to evaluate properly pertinent evidence; and (5) the ALJ did not properly evaluate his subjective complaints. ECF No. 13-1 at 5-17. For the reasons discussed below, however, these arguments are without merit.

First, Willis L. contends that the ALJ did not evaluate properly his mental impairments under the "special technique" outlined in 20 C.F.R. § 416.920a. ECF No. 13-1 at 9-14. When ALJs evaluate the severity of a claimant's mental impairment, they "must follow a special technique." 20 C.F.R. § 416.920a; *see Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 661 (4th Cir. 2017) ("The special-technique regulation's plain language describes what the SSA *must* do."). "The special-technique regulation affects how an ALJ evaluates and documents his process at steps 1 through 4 if the claimant alleges a *mental* impairment." *Patterson*, 846 F.3d at 659. This technique requires the reviewing authority to determine first whether the claimant has a "medically determinable mental impairment." 20 C.F.R. §§ 404.1520a(b)(1), 416.920a(b)(1). If the claimant is found to have such an impairment, then the reviewing authority must "rate the degree of functional limitation resulting from the impairment(s) in accordance with paragraph (c)," *id.* §§ 404.1520a(b)(2), 416.920a(b)(2), which specifies four broad functional areas: (1) "understand, remember, or apply information"; (2) "interact with others"; (3) "concentrate, persist, or maintain pace"; and (4) "adapt or manage oneself" (the "paragraph B criteria" of the listings for mental disorders as explained in 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.00(A)(2)(b)). *Id.* §§ 404.1520a(c)(3), 416.920a(c)(3). "To satisfy the paragraph B criteria, [a claimant's] mental disorder must result in 'extreme' limitation of one, or 'marked' limitation of two, of the four areas of mental functioning." 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.00(A)(2)(b). According to the regulations, if the degree of limitation in each of the four areas is rated "none" or "mild," then the reviewing authority generally will conclude that the claimant's mental impairment is not "severe," "unless the evidence otherwise indicates that there is more than a minimal limitation in [the claimant's] ability to do basic work activities." 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1). If the claimant's mental impairment is severe, then the reviewing authority will first compare the relevant medical findings and the functional limitation ratings to the criteria of listed mental disorders in order to determine whether the impairment meets or is equivalent in severity to any listed mental disorder. *Id.* §§ 404.1520a(d)(2), 416.920a(d)(2). If so, then the claimant will be found to be disabled. If not, the reviewing authority will then assess the claimant's RFC. *Id.* §§ 404.1520a(d)(3), 416.920a(d)(3). "The ALJ's decision must show the significant history and

medical findings considered and must include a specific finding as to the degree of limitation in each of the four functional areas." *Felton-Miller v. Astrue*, 459 F. App'x 226, 231 (4th Cir. 2011) (per curiam) (citing 20 C.F.R. §§ 404.1520a(e)(4), 416.920a(e)(4)); *see Patterson*, 846 F.3d at 662, 659. The "failure to properly document application of the special technique will rarely, if ever, be harmless because such a failure prevents, or at least substantially hinders, judicial review." *Patterson*, 846 F.3d at 662.

Here, the ALJ found that Willis L.'s mental impairments were not severe because he had mild limitations in the ability to understand, remember, or apply information and to adapt and/or manage himself. Tr. 19. The ALJ also found that Willis L. had moderate limitations in the ability to interact with others and to concentrate, persist, or maintain pace. *Id.* The ALJ explained that these "determinations are supported by [Willis L.'s] routine mental health treatment, the mental status examination findings of record, and [Willis L.'s] performance of significant activities of daily living." *Id.* The ALJ further explained that "the objective evidence of record demonstrates [Willis L.'s] schizoaffective disorder results in, at most, moderate limitation in his ability to interact with others and ability to concentrate, persist, and maintain pace." Tr. 20.

Thus, "[c]ontrary to [Willis L.'s] argument, the ALJ's opinion contains sufficient analysis to allow [the Court] to review the basis for his findings. Notably, the ALJ thoroughly evaluated and cited to [Willis L.'s] mental health assessments and treatment records to support the RFC assessment." *Love v. Comm'r, Soc. Sec. Admin.*, Civil No. PWG-17-681, 2017 WL 6368620, at *2 (D. Md. Dec. 13, 2017) (Gallagher, J.), *report and recommendation adopted*, 2018 WL 3458715 (D. Md. Jan. 5, 2018). These findings and records provide substantial evidence for the ALJ's determination regarding Willis L.'s functional limitations. "The ALJ therefore properly considered and discussed [Willis L.'s] mental impairments in accordance with the 'special technique' set forth in § [416.920a]." *Id.* at *3. Plaintiff's argument on this point is thus without merit. *See Gloria M. v. Saul*, Civil No. TMD 19-2154, 2020 WL 3402299, at *5 (D. Md. June 19, 2020).

Second, Willis L. argues that the ALJ's RFC determination does not account for his moderate limitation in CPP, and thus runs afoul of the Fourth Circuit's decision in *Mascio*, 780 F.3d at 638. ECF No. 13-1 at 5-6. In *Mascio*, the Fourth Circuit held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the [claimant] to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). This is because "the ability to perform simple tasks differs from the ability to stay on task." *Id.* When an ALJ finds that a claimant has limitations in concentration, persistence, or pace, the ALJ is required to incorporate these limitations into the claimant's RFC or explain why they do not "translate into [such] a limitation." *Id.* The Fourth Circuit, however, "did not impose a categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020). Rather, when "medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations." *Id.* (quoting *Winschel*, 631 F.3d at 1180).

As part of the step three analysis, the ALJ found that Willis L. had a moderate limitation in CPP. Tr. 19. In making this finding, the ALJ noted the results of a November 2018 consultative examination. Tr. 19-20. The ALJ also discussed Willis L.'s ability to concentrate, persist, or maintain pace later in his decision, noting the prior administrative medical findings of the state agency psychological consultants who opined that Willis L. had a moderate limitation in CPP but was "capable of understanding, recalling, and carrying out simple, routine tasks with minimal social demands over a normal workday/workweek." Tr. 22-23, 67-68, 71, 80-81, 84. The ALJ found the state agency consultants' opinions to be persuasive because "these opinions are consistent with [Willis L.'s] conservative treatment history and generally unremarkable mental status examination findings from both health care providers and the Consultative Examiner, which typically documented no issue with memory, attention, concentration, judgment, and knowledge" (Tr. 23). *See* 20 C.F.R. § 416.920c.

The ALJ thus "explain[ed] how substantial evidence supports his conclusion as to [Willis L.'s] CPP abilities in a work setting." *Terri S. v. Saul*, Civil No. DLB-19-3607, 2021 WL 168456, at *2 (D. Md. Jan. 19, 2021) (Boardman, J.), *reconsideration denied sub nom. Terri S. v. Kijakazi*, No. DLB-19-3607, 2021 WL 5395960 (D. Md. Nov. 18, 2021); *see Shinaberry*, 952 F.3d at 121 (holding that ALJ's finding that limited claimant with moderate limitations in concentration, persistence, and pace to performing "simple, routine, and repetitive tasks" accounted for claimant's mental limitations where ALJ "discussed in detail the psychological evaluations performed by the SSA psychological consultants" and other evidence); *Sizemore v. Berryhill*, 878 F.3d 72, 80-81 (4th Cir. 2017) (rejecting argument that remand was required under *Mascio* because ALJ failed to specifically account for claimant's moderate difficulties with regard to concentration, persistence and pace, because more detailed medical findings provided substantial support for RFC limitations).

The Fourth Circuit's reasoning in *Sizemore* "did not depend upon whether the ALJ 'adopted' a particular medical source opinion in whole or in part." *Terri S.*, 2021 WL 168456, at *3. Rather, the Fourth Circuit in *Sizemore* was concerned with whether substantial evidence supported the ALJ's RFC determination. *Id.*; *see Sizemore*, 878 F.3d at 80-81. "The ALJ's discussion of [the state agency psychological consultants' opinions] with respect to [Willis L.'s] work capabilities and [his] mental limitations makes clear the ALJ relied on substantial evidence in finding that [his] moderate CPP limitation did not require other RFC limitations." *Terri S.*, 2021 WL 168456, at *4 (citing *Sizemore*, 878 F.3d at 81). Because the ALJ applied correct legal standards and made findings supported by substantial evidence, Willis L.'s argument that remand is warranted under *Mascio* is without merit.

Third, Willis L. maintains that the ALJ failed to explain how, despite his moderate limitation in CPP, he would be productive or remain on task for 91% of an eight-hour workday. ECF No. 13-1 at 6-8. The VE testified that an employer would tolerate off-task behavior amounting to only 9% of the time at work. Tr. 49. The ALJ, however, did not ultimately include such a limitation in Willis L.'s RFC. "Indeed, the 'ALJ is not required to accept the vocational expert's opinion for a hypothetical based on limitations that the ALJ did not include in the [residual functional capacity].'" *Brian S. v. Saul*, No. 3:20CV065 (JAG), 2021 WL 748087, at *13 (E.D. Va. Feb. 10, 2021) (alteration in original) (quoting *Prim v. Colvin*, No. 7:14CV00135, 2015 WL 4757104, at *4 (W.D. Va. Aug. 11, 2015)), *report and recommendation adopted*, No. 3:20CV65,

2021 WL 744149 (E.D. Va. Feb. 25, 2021); *see Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). Instead, the ALJ found that, despite Willis L.'s moderate limitation in CPP, he retained the ability to perform simple, routine tasks with occasional interaction with supervisors, co-workers, and the general public. (Tr. 20). *See Shinaberry*, 952 F.3d at 121; *Sizemore*, 878 F.3d at 80-81. "Accordingly, the ALJ did not err by failing to explain how [Willis L.] possessed the ability to concentrate, persist, and maintain pace throughout an eight-hour workday with only a [nine] percent loss of productivity, because the ALJ did not make such a finding." *Brian S.*, 2021 WL 748087, at *13.

Fourth, Willis L. contends that the Court should remand this case because the ALJ failed to evaluate properly pertinent evidence. ECF No. 13-1 at 8-9. According to Willis L., the ALJ found the state agency psychological consultants' opinions to be persuasive (Tr. 22-23), but the ALJ failed to include in his RFC assessment Willis L.'s other moderate limitations as opined by the consultants (ECF No. 13-1 at 9). The Fourth Circuit rejected this reasoning in *Sizemore*, however. *Kenneth L. v. Kijakazi*, Civil No. SAG-20-624, 2021 WL 4198408, at *3 (D. Md. Sept. 15, 2021) (Gallagher, J.) (citing *Sizemore*, 878 F.3d at 80-82). Remand is thus not warranted on this basis. As for Willis L.'s argument that the ALJ failed to address the state agency psychological consultants' opinions that he was limited to performing simple, one- to two-step tasks (Tr. 70, 83), the Court notes that one of the jobs identified by the VE, "wall cleaner" (Tr. 24, 48),

> involves reasoning level one, which according to the *Dictionary of Occupational Titles* (the "DOT") involves applying "commonsense understanding to carry out simple one- or two-step instructions" and dealing "with standardized situations with occasional or no variables in or from these situations encountered on the job." Thus, the ALJ's error, if any, in failing to incorporate a limitation to one- to two-step tasks in the RFC assessment provides no basis for remand.

*Jennifer Anne S. v. Saul*, Civil No. TMD 20-519, 2021 WL 2139432, at *5 (D. Md. May 26, 2021) (citation omitted); *see* DOT 381.687-026, 1991 WL 673260 (listed as "cleaner, wall").

Last, Willis L. argues that the ALJ did not properly evaluate his subjective complaints. ECF No. 13-1 at 14-17. In determining a claimant's RFC, the ALJ must evaluate the claimant's subjective symptoms using a two-part test. *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017); 20 C.F.R. §§ 404.1529(a), 416.929(a). First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the alleged symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. *Id.* §§ 404.1529(c), 416.929(c). At this second stage, the ALJ must consider all available evidence, including medical history, objective medical evidence, and statements by the claimant. *Id.* To evaluate a claimant's statements, ALJs must "consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." SSR 16-3p, 2016 WL 1119029, at *2 (Mar. 16, 2016). "ALJs may not rely on objective medical evidence (or the lack thereof)—even as just one of multiple factors—to discount a claimant's subjective complaints regarding symptoms of fibromyalgia or some other disease that does not produce such evidence." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83,

97 (4th Cir. 2020). In other cases, the ALJ may consider that objective evidence, or lack thereof, in conjunction with other evidence. 20 C.F.R. §§ 404.1529(c), 416.929(c). In any case, the ALJ may not rely solely on the lack of objective medical evidence to discredit a claimant's subjective statements. *Id.* Claimants are entitled to rely exclusively on subjective evidence to prove the degree to which their symptoms affect their ability to work at the second step of the analysis. *Arakas*, 983 F.3d at 95-97.

The ALJ's written decision presents a detailed statement of Willis L.'s subjective complaints. The ALJ first found that Willis L.'s medically determinable impairments could reasonably be expected to cause his alleged symptoms. Tr. 21. The ALJ then proceeded to consider Willis L.'s allegations in concert with the other evidence in the record, including Willis L.'s statements about his symptoms over time, the extent of his daily activities, the opinion evidence, and the objective evidence in the record. Tr. 19-23. In considering the totality of the evidence, the ALJ explained his finding that Willis L.'s statements about the severity of his symptoms could not be completely reconciled with other persuasive evidence. Weighing all of the evidence, the ALJ found that Willis L.'s impairments are not disabling and that he can perform work with the limitations contained in the RFC.

"Where the ALJ did consider [Willis L.'s] full treatment history, as is clear here, it is not proper on appeal for the Court to reweigh such evidence." *Carollyn S. v. Kijakazi*, Civil Action No. ADC-20-2552, 2021 WL 4170431, at *9 (D. Md. Sept. 14, 2021). And Willis L. "cannot rely exclusively on subjective evidence to prove that [his] mental impairments prevent [him] from working a full eight-hour day." *Carolyn G. v. Kijakazi*, Civil Action No. ADC-20-1363, 2021 WL 2982129, at *5 (D. Md. July 15, 2021). "Had the ALJ relied exclusively on a lack of objective evidence, the analysis would be flawed. Here, however, the ALJ considered the inconsistency of [Willis L.'s] alleged symptoms with objective evidence as just one component of the assessment." *Jai P. v. Saul*, Civil No. TJS-19-3371, 2021 WL 424469, at *2 (D. Md. Feb. 8, 2021) (citation omitted). "Because the ALJ did not rely exclusively on objective evidence in assessing the severity of [Willis L.'s] symptoms, this argument is without merit." *Id.* Substantial evidence supports the ALJ's evaluation of Willis L.'s subjective complaints.

In short, the Court's review is confined to whether substantial evidence supports the ALJ's decision and whether the correct legal standards were applied. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The Court is not permitted to reweigh the evidence, even if the Court believes the ALJ could have reached a different conclusion. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). The ALJ's decision complies with the governing legal standards and is supported by substantial evidence. The Court thus affirms the Acting Commissioner's final decision.

      For the reasons set forth above, Willis L.'s Motion for Summary Judgment (ECF No. 13) will be **DENIED**, and the Acting Commissioner's Motion for Summary Judgment (ECF No. 16) will be **GRANTED**. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                                          Sincerely yours,

                                          /s/
                                      Timothy J. Sullivan
                                      United States Magistrate Judge